# The Manufacturers Light & Heat Company, Appellant, v. The Public Service Commission (No. 1).

*Appeals—Interlocutory order—Public Service Commission—Public service companies—Order to file rates.*

An order of the Public Service Commission merely directing a public service company to file within fifteen days a tariff schedule of rates for all industrial service rendered by it, is an interlocutory order from which no appeal lies.

588 THE MFRS. L. & H. CO., Appellant, *v.* PUB. SER. COM.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Argued April 25, 1922.   Appeal, No. 71, April T., 1922, by the Manufacturers Light & Heat Co., from order of the Public Service Commission of the Commonwealth of Pennsylvania, complaint docket Nos. 3563 and 3585, in the case of Van Lear P. Shriver et al. v. The Manufacturers Light & Heat Company.   Before ORLADY, P. J., PORTER, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Complaint before the Public Service Commission against the schedule of rates of the Manufacturers Light & Heat Company restricting the use of gas for domestic purposes.

From the record it appeared that the complaints were filed against the schedule of the Manufacturers Light & Heat Company restricting the use of gas for domestic purposes to 40,000 cubic feet per month for each domestic consumer.

The commission, after hearing, made two orders: one directing the company to rescind its 40,000 feet per month limitation, and the second directing the company to file a schedule of its industrial rates.   The appellant discontinued its appeal as to the first order applying to the 40,000 feet limitation, but appealed the second order directing the appellant to file an industrial schedule.

*Error assigned,* among others, was the order of the commission.

*A. Leo Weil,* of *Weil, Christy & Weil,* for appellant.

*Frank M. Hunter,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

PER CURIAM, March 3, 1922:

All save one of the assignments of error have been withdrawn and that assignment is to so much of the order of the commission as requires appellant to file,

within fifteen days, a tariff schedule of rates for all industrial service rendered by it. As such an order has been held to be interlocutory, the appeal must be quashed: Peoples Natural Gas Co. v. Public Service Commission, 268 Pa. 235; Citizens, etc., Ry. Co. v. Public Service Commission, 271 Pa. 39.

The appeal is quashed.